B.L. v Agarkar (2024 NY Slip Op 24005)

[*1]

B.L. v Agarkar

2024 NY Slip Op 24005

Decided on January 9, 2024

Supreme Court, New York County

Perry, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 9, 2024
Supreme Court, New York County

B.L., Petitioner,

against
Smita Agarkar, M.D. GRACIE SQUARE HOSPITAL, Respondent.

Index No. XXXXX

The Petitioner, patient, was represented by Jessica Heymach with Mental Hygiene Legal Service in the First Department whose Director is Marvin Bernstein. And the Respondent, Gracie Square Hospital, was represented by Madelin Zwerling of Garfunkel Wild, P.C.

William Franc Perry, III, J.

On December 4, 2023, the petitioner, B.L., brought a writ pursuant to Article 70 of the Civil Practice Laws and Rules ("CPLR").[FN1]
This writ was argued before this Court on December 6, 2023.
 FACTS
On November 7, 2023, the petitioner was arrested and brought by the New York Police Department ("NYPD") to New York Presbyterian Columbia's Comprehensive Psychiatric Emergency Program ("CPEP") for a psychiatric evaluation pursuant to the Mental Hygiene Law ("MHL").[FN2]
At the CPEP, two psychiatrists evaluated the petitioner and completed an admission [*2]form generated by the NY Office of Health ("OMH")[FN3]
. The first psychiatrist examined the petitioner within six hours of arrival to the CPEP, as statutorily required, and found that the petitioner "may have a mental illness for which immediate observation, care and treatment is appropriate and which is likely to result in serious harm to the person or others". See MHL § 9.40. The CPEP timely extended Mr. BL's observation period for up to 72 hours when a second psychiatrist confirmed the need for his ongoing observation, finding that he continued to meet the statutory criteria for such. Id.
The 72-hour observation period of Mr. BL expired on November 10, 2023. Prior to the expiration of the 72-hour observation period, two psychiatrists evaluated the petitioner pursuant to MHL § 9.27 to determine whether inpatient care was essential to the petitioner's welfare [FN4]
. See MHL § 9.27. The two examining psychiatrists opined that the petitioner met the statutory criteria for admission for up to 60 days and completed the psychiatric certificates that are contained within a MHL § 9.27 application for psychiatric admission. After the completion of the two physician certificates, an admitting facility is required to ensure that a patient is evaluated forthwith by a third physician whose role is to confirm whether, or not, the patient meets the admission criteria of MHL § 9.27 and is in need of involuntary psychiatric admission as opined by the prior two examining physicians. See MHL § 9.27(e) (requiring that "[t]he director of the hospital where such person is brought shall cause such person to be examined forthwith by a physician who shall be a member of the psychiatric staff of such hospital other than the original examining physicians whose certificate or certificates accompanied the application and, if such person is found to be in need of involuntary care and treatment, he may be admitted thereto as a patient as herein provided.")
The petitioner received a confirmation examination on November 16, 2023, six days after the conclusion of his prior MHL retention [FN5]
status, when he was transferred to Gracie Square Hospital which is where he was hospitalized at the time this writ was filed. 

ARGUMENTS
The petitioner alleged that his handcuffing from November 7, 2023 until he was released at his arraignment on November 16, 2023 was in violation of the Mental Hygiene Law and the New York Code Rules and Regulations that govern physical restraints of psychiatrically hospitalized patients. Petitioner also asserted that his due process rights were violated when he was held without a fully completed MHL retention status from November 10, 2023 until [*3]November 16, 2023.[FN6]
Respondent cited the requirement that the application for admission pursuant to MHL § 9.27 be completed within ten days prior to such admission to assert that the statutorily required confirmation examination was timely performed or should be considered as having been performed forthwith. See MHL § 9.27(b). The respondent also argued that Gracie Square was the admitting facility and not New York Presbyterian Columbia's CPEP and that Gracie Square Hospital performed the confirmation examination forthwith as it was performed on the day the petitioner arrived at Gracie Square Hospital.

 FINDINGS
In People ex rel. Delia v. Munsey, 26 NY3d 124 (NY Court of Appeals 2015), the Court of Appeals established that, in addition to proceeding under the writ provision contained in the MHL, a patient admitted under the MHL has the right to bring a CPLR writ when the person is alleging illegal detainment based on a violation of their due process rights. Munsey at 130-34. The Court opined that the right to bring a CPLR writ was necessary to ensure patients receive the procedural due process provisions contained in the MHL. Id. at 132-33 (stating that "a patient may be involuntarily committed only where the standards for commitment and the procedures set forth in the Mental Hygiene Law—which satisfy the demands of due process—are met"). The Court found that not "every violation of the Mental Hygiene Law amounts to a due process violation or will entitle a patient to a writ of habeas corpus but, "[w]ithout a court order of continued retention [in accordance with the Mental Hygiene Law], or the consent of the patient, the hospital must release the patient". Id. at 133 (quoting Project Release v. Prevost, 722 F.2d 960, at 967 (2d Cir 1983)). It is important to note that the very constitutionality of the MHL is based on the due process protections it contains, specifically the various levels of professional and judicial review and its notice provisions, just to name a few. See Project Release at 974-75.

A. Physical Restraint
The petitioner alleged he was unlawfully physically restrained between November 7, 2023 and November 16, 2023. MHL § 33.04 and the NY Code Rules and Regulations at 14 NYCRR 526.4 govern when a patient is permitted to be physically restrained at certain facilities.[FN7]
 These provisions mandate that such bodily restraint shall be authorized by a physician's written order and are a last resort when such intervention is necessary to prevent an "imminent, serious injury to the patient or others" and shall be discontinued when no longer necessary to prevent the emergency. See 14 NYCRR § 526.4(b)(1)(i). The regulations further provide that "[r]estraint or seclusion for any purpose shall never be utilized as punishment, for the convenience of staff, to substitute for inadequate staffing, or as a substitute for treatment programs." See Id. at (b)(2).
This is not the first time this Court has been presented with an arrested psychiatric patient who was admitted to a hospital pursuant to the Mental Hygiene Law being handcuffed to a bed [*4]for days while awaiting arraignment. See J.W. v. Anthony, 79 Misc 3d 1201(A) (finding that JW was handcuffed for eleven days while awaiting arraignment). In both the instant matter and J.W. v. Anthony, the arrestee is hospitalized in a facility where there are statutory and regulatory provisions governing under what emergency situations a patient may be physically restrained while in these facilities. These provisions limit the use of restraints to when "less restrictive interventions have been utilized and determined to be ineffective, or in rare instances where the patient's dangerousness is of such immediacy that less restrictive interventions cannot be safely employed." See MHL 33.04 and 14 NYCRR 526.4. 
At the time the allegation of illegal restraint was brought before this Court such physical bodily restraint had ceased weeks prior. Thus, this is not an issue that is currently before this Court for its determination.
B. Application for Admission
The Court will now examine whether the statutorily required confirmation examination by a third physician pursuant to MHL § 9.27 was completed forthwith. See MHL § 9.27. There are MHL provisions that delineate a specific number of hours in which admission evaluations must occur. See MHL § 9.37; § 9.39; and § 9.40. However, MHL § 9.27 does not provide any guidance on what time-period constitutes forthwith. While there are numerous judicial opinions determining what does or does not constitute a due process violation that may warrant outright release pursuant to the Court of Appeals' decision in Munsey, this Court is not aware of any written decision that addresses what time-period does or does not constitute forthwith pursuant to MHL § 9.27.
When a statutory term is undefined, courts look to "construe words of ordinary import with their usual and commonly understood meaning" and regard dictionary definitions as useful guideposts in determining the meaning of a word or phrase." Matter of Walsh v New York State Comptroller, 34 NY3d 520 at 524 (NY Court of Appeals 2019) (quoting Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC, 34 NY3d 1 (NY Court of Appeals 2019). The word forthwith is typically defined as "1. Immediately; without delay. 2. Directly; promptly; within a reasonable time under the circumstances; with all convenient dispatch". Black's Law Dictionary (11th ed. 2019). While forthwith is not defined under MHL § 9.27, the statute's other strict time periods pertaining to admission evaluations can also be instructive. Statutes also "must be construed as a whole and . . . its various sections must be considered together and with reference to each other". Id. (quoting Matter of NY County Lawyers' Assn. v. Bloomberg, 19 NY3d 712 (NY Court of Appeals 2012). 
Respondent argued that the application for admission on medical certification must be completed within ten days of admission. See MHL § 9.27(b). However, this provision clearly applies to the recency requirement of the certificates attached to the application and not the statutory requirement for a third physician to conduct a confirmation examination forthwith. See MHL § 9.27(b) and (e).[FN8]
Petitioner, on the other hand, asserted that the MHL § 9.27 admission including the forthwith confirmation examination had to be finalized before Mr. BL's prior retention status under MHL § 9.40 concluded or else the petitioner would not be legally retained [*5]under MHL § 9.27 and would thus be held outside the MHL. However, the statute explicitly provides that a person may be retained based upon the admission application until the confirmation examination is completed forthwith. See MHL § 9.27(a), Id. at (e) and Matter of Rueda v. Charmaine D., 17 NY3d 522 (NY Court of Appeals 2011) (discussing the relationship between MHL § 9.39 and MHL § 9.27, finding that a person can be initially admitted under either section and ruling that an emergency room physician can be an applicant despite not being listed as one of the categories of potential applicants under MHL § 9.27 stating that "[t]he list of proposed applicants in section 9.27 (b) seems to us a legislative attempt to describe categories of people likely to have a sincere and legitimate interest in the well-being of the person they are seeking to have committed.")
The respondent contended that the MHL § 9.27 confirmation examination applies to Gracie Square Hospital where the petitioner is currently hospitalized and not the CPEP where the petitioner was retained for six days on a pending application for admission pursuant to MHL § 9.27.

 CONCLUSION
Mr. BL asserted that he was held without legal authority and in violation of his due process rights. Thus, pursuant to the Munsey decision, this matter was appropriately brought before this Court pursuant to Article 70 of the CPLR. Munsey at 130-31.
The Court finds in this case, that six days before the completion of the statutorily required confirmation psychiatric examination to determine whether, or not, the petitioner required involuntary admission does not meet the statute's requirement that such examination occur forthwith pursuant to MHL § 9.27. The Court further finds that being retained for those six days without the statutorily required forthwith psychiatric confirmation examination to determine whether the petitioner met the criteria for such admission [FN9]
constituted a due process violation. In light of the finding that a due process protection of the Mental Hygiene Law was violated [FN10]
in this matter and pursuant to People ex rel. Delia v. Munsey, this Court granted this writ on December 6, 2023 and ordered Mr. BL's release.[FN11]

This constitutes the decision and order of this Court.
Dated: January 9, 2024
ENTER:
William Franc Perry III, JSC

Footnotes

Footnote 1:Mental Hygiene Law has its own writ provision where the Court examines the facts pertaining to the petitioner's mental condition and detention. See § MHL 33.15. In People ex rel. Delia v. Munsey, 26 NY3d 124 (NY Court of Appeals 2015), the NY Court of Appeals ruled that a petitioner can proceed under either writ provision, and the Court expanded on each provision's applicability. 

Footnote 2:Police officers acting under their duties may take "any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others" to a CPEP to be evaluated pursuant to the MHL. See MHL § 9.41.

Footnote 3:MHL § 29.01 provides that the OMH commissioner "shall prescribe and furnish forms for use in procedures for admission. Admission shall be had only upon such forms."

Footnote 4:Admission pursuant to MHL § 9.27 requires a finding that the patient pose a danger to himself or others. See In re Edward L., 137 AD2d 818 at 819 (App. Div., 2nd Dept. 1988) (noting that in a hearing challenging a patient's MHL § 9.27 admission "the hospital must establish by clear and convincing evidence, not only that the patient is in need of further care and treatment, but that the patient is mentally ill and poses a substantial threat of physical harm to himself or others.")

Footnote 5:MHL § 9.40 is an observation status for up to 72 hours, it provides a facility with the power to "retain" someone against their will to protect them from themselves or others. See § 9.40(a). It has a provision for the judicial review of such retention like the other provisions of the MHL that allow for the involuntary retention of an individual. Id. at (c).

Footnote 6:The petitioner also originally alleged that he was not served with timely notice of his MHL § 9.27 status and rights pursuant to MHL § 9.07. However, it was later established that such notice had been provided to him on November 10, 2023 prior to the finalization of his admission pursuant to MHL § 9.27.

Footnote 7:Restraints are defined as "the use of a manual or physical method to restrict a person's freedom of movement or normal access to his or her body. The term 'manual restraint' means and includes the term 'physical restraint.'" See 14 NYCRR § 526.4(a)(6).

Footnote 8:MHL § 9.27 discusses law enforcement taking people from the community to the hospital and requires the admission application to not be older than ten days prior to their hospital admission under MHL § 9.27. See MHL § 9.27(b), (e) and (i).

Footnote 9:MHL § 927 requires that "[b]efore an examining physician completes the certificate of examination of a person for involuntary care and treatment, he shall consider alternative forms of care and treatment that might be adequate to provide for the person's needs without requiring involuntary hospitalization." See MHL § 9.27(d).

Footnote 10:Even though the respondent did not commit the due process violation, the due process violation occurred during this ongoing period of confinement and the MHL due process protections belong to the retained individuals. See Matter of Jane P., 9 Misc 3d 1054, 1058, 801 N.Y.S.2d 512 (Sup. Ct. Broome County 2005) (releasing patient from current facility patient was transferred to based on statutory violation occurring at transferring facility) and J.W. v. Anthony, 79 Misc 3d 1201(A) (Sup. Ct. New York County 2023).

Footnote 11:While the Court rendered its decision orally on December 6, 2023, the Court is issuing this decision as it appears that there is an absence of written decisions addressing the meaning of the term forthwith in MHL § 9.27.